UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>DWAYNE BAEZ (1), BLANCA BAEZ (2), and CAESARE CRISTIN BAEZ (3),<br><br>                    Defendants. | No.  2:12-CR-6025-EFS-1<br>     2:12-CR-6025-EFS-2<br>     2:12-CR-6025-EFS-3<br><br>**ORDER MEMORIALIZING RULINGS AT THE DECEMBER 1, 2015 PRETRIAL CONFERENCE** |

A hearing occurred in the above-captioned matter on December 1, 2015. Defendants Dwayne Baez and Blanca Baez participated telephonically, and Defendant Caesare Cristin Baez appeared in the courtroom. They were each represented by their counsel of record, who were present in the courtroom. Shawn Anderson appeared in the courtroom on behalf of the U.S. Attorney's Office (USAO). Before the Court were several pretrial motions. ECF Nos. 202, 290, 293, 307, 308, and 383, and the matter of whether trial can proceed as scheduled in March 2016 in light of Defendant Dwayne Baez's and Blanca Baez's contagious medical conditions was discussed.

**A.   Trial**

Defendants Dwayne Baez and Blanca Baez suffer from a highly contagious medical disease, for which doctors recommend that they not be present in the courtroom. As a result, proceeding to trial in March

ORDER - 1

2016 is questionable. The Court directed the parties to brief whether the physical presence of these Defendants at trial is necessary, or whether an accommodation, such as video streaming the trial to a separate location where these Defendants would be present, is possible. The parties submitted briefs and discussed this matter at the hearing.

All parties recognize that Defendants have a Fifth and Sixth Amendment right to be present in the courtroom during trial, *Valenzuela-Gonzalez v. U.S. Dist. Ct.*, 915 F.2d 1276, 1279 (9th Cir. 1990). In addition, under Federal Rule of Criminal Procedure 43(a), "The defendant must be present at: . . . every trial stage, including jury empanelment and the return of the verdict." Fed. R. Crim. P. 43(a)(2). A defendant, who was initially present at trial, can waive continued presence at trial under the circumstances listed in Rule 43(c)(1), which do not apply at this time. The defendant's right to be present under Rule 43 is a broader right than as guaranteed by the Sixth Amendment right to confrontation and the Fifth Amendment due process right. *United States v. Christopher*, 700 F.2d 1253, 1261-62 (9th Cir. 1983); *Polizzi v. United States*, 550 F.2d 1133, 1137-38 (9th Cir. 1976) (The constitutional standard is whether the defendant's absence could be harmful or useful under some set of circumstances); *United States v. Jones*, 410 F. Supp. 2d 1026 (D.N.M. 2005) (determining that a defendant suffering from a medical condition could not appear for sentencing via video conference, but rather that Rule 43 required defendant's physical presence in the courtroom).

ORDER - 2

All Defendants desire to be present at trial. Therefore, video streaming trial testimony and argument is not an option under Rule 43. What accommodations can be made to allow Defendants Dwayne and Blanca Baez to be present in the courtroom without placing counsel, courtroom staff, janitorial staff, and the public at risk is not clear. Accordingly, the Court encourages these Defendants to continue to work with their medical providers to cure their contagious medical condition so that each of the Defendants' due-process rights and the public's interest in a speedy trial can be satisfied. Defendants are to continue to file a notice each month updating the Court as to the status of their medical conditions, treatments, and appointments. **These medical-related notices can be filed under seal WITHOUT the filing of a motion to seal**.

**B.    The USAO's Motion in Limine**

The USAO asks the Court to exclude the following categories of evidence. First, the USAO asks that testimony regarding the potential punishment that Defendants are facing, and the propriety of the charges, be excluded. Defendants do not object to this request but ask the Court to instruct the jury consistent with Ninth Circuit Model Criminal Jury Instruction 7.4 ("The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt."). The Court grants the USAO's request and will instruct the jury accordingly, while permitting witnesses to testify about their personal knowledge of the relevant events.

ORDER - 3

Second, pursuant to Federal Rule of Evidence 615, the USAO asks the Court to exclude witnesses, other than case agent Detective French, from the courtroom until they have testified. Defendants do not oppose exclusion of witnesses prior to testimony but request that defense investigator Winthrop Taylor be allowed to be present during trial. The Court grants the USAO's request and will permit both Detective French and Investigator Taylor to be present during trial.

**C.    Defendant Dwayne Baez's Motion in Limine**

Defendant Dwayne Baez also seeks in limine rulings. First, Defendant Dwayne Baez asks the Court to exclude any testimony regarding any prior bad acts by Defendants or impeachment evidence, based on Federal Rules of Evidence 401, 402, 404(a)(b), and 609. The USAO advises that it does not intend to offer any evidence under Rule 609, and that as to Rule 404 evidence, it may offer evidence that Defendant Dwayne Baez has two prior state convictions for drug distribution, as these convictions help prove his knowledge and intent. ECF Nos. 12 & 93. Because trial context is needed to determine whether Defendant Dwayne Baez's two prior drug-distribution convictions are admissible under Rule 404(b), the Court denies this request at this time with leave to renew. *See United States v. Mayans,* 17 F.3d 1174, 1181 (9th Cir. 1995); *United States v. Arambula-Ruiz,* 987 F.2d 599, 602 (9th Cir. 1993). However, prior to introducing this evidence at trial, the USAO must make a motion outside the presence of the jury.

Second, based on Rules 403 and 404, Defendant Dwayne Baez asks the Court to exclude testimony and evidence about the forfeiture of

ORDER - 4

money from Mr. Baez's wallet. The Court denies the request at this time because more information is needed regarding the amount of money taken, whether the money was forfeited, and why it is relevant to the charged offenses. However, if the USAO seeks to introduce this evidence at trial, the USAO must make a motion outside the presence of the jury in order to seek admission of this evidence.

Third, Defendant Dwayne Baez asks the Court to exclude evidence regarding his post-arrest invocation of his Fifth and Sixth Amendment rights. The USAO agrees that the fact that Defendant invoked his constitutional rights is not admissible. Accordingly, the Court grants this request.

Fourth, Defendant Dwayne Baez asks the Court to exclude testifying witnesses from the courtroom under Rule 615. Consistent with the Court's above ruling as to the USAO's motion in limine, the Court grants Defendant Dwayne Baez's request. Other than Detective French and defense investigator Winthrop Taylor, all witnesses are excluded from the courtroom until they complete their testimony.

**D.   Defendant Dwayne Baez's Second Motion in Limine**

Defendant Dwayne Baez asks the Court to exclude evidence of the audio recordings because these recordings contain conversations between the confidential informant (CI) and the detectives and therefore include hearsay. *See* Fed. R. Evid. 801. As to the statements on the body wire recordings made by the CI directly to Task Force officers when not speaking with a Defendant, the USAO has no objection; however, the USAO highlights that each Defendant's statements and co-conspirator statements are admissible under Rule

801(d). The Court grants in part the request: the Court excludes statements on the body wire recordings made by the CI to Task Force officers when not speaking with Defendants. The Court denies in part the request consistent with Rule of Evidence 801(d).

**E.   Defendant Dwayne Baez's Third Motion in Limine**

Defendant Dwayne Baez asks the Court to exclude testimony regarding the alleged Baez "drug-trafficking organization" as it would be unduly prejudicial to refer to Defendants as participating in and organizing a drug-trafficking organization, citing to Rules 403 and 404. The Court grants this request in part and prohibits the USAO from describing the alleged operation as a drug-trafficking organization because this description would be unfairly prejudicial. However, the USAO may admit evidence and elicit testimony pertaining to the charged drug transactions and conversations between Defendant(s) and the CI; in this regard, Defendant's motion is denied.

**F.   Defendant Blanca Baez's Motion to Sever Defendant, ECF No. 308**

Defendant Blanca Baez asks the Court to sever her trial from the co-Defendants because of the danger the jury will convict her merely based on her association with the Defendants. In addition, Defendant Blanca Baez is concerned about the admission of co-Defendant Dwayne Baez's statement, citing *Bruton v. United States*, 391 U.S. 123 (1967). The USAO opposes severance, contending that the evidence indicates that the three Defendants conspired together to engage in the drug transactions.

Federal Rule of Criminal Procedure 8(b) applies to joinder of defendants:

ORDER - 6

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Rule 14 allows the Court to sever trial:

> [i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). The court is to consider several factors to determine whether a joint trial will be prejudicial including: 1) whether the jury could reasonably collate and appraise the individual evidence against each defendant; 2) whether a limited purpose instruction could be used; 3) whether the jury could reasonably comprehend the nature of the evidence and legal concepts involved; 4) whether joinder would compromise the jury's ability to reliably determine guilt; and 5) whether joinder would compromise a specific trial right of one of the defendants. *United States v. Fernandez*, 388 F.3d 1199, 1241 (2004); *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

After considering these factors, the Court declines to sever the case at this time. Joinder of Defendants is appropriate under the alleged facts of the case. And there does not appear to be *Bruton*[1] issues as the Defendants are alleged to be co-conspirators. *See* Fed.

---

[1] *Bruton v. United States*, 391 U.S. 123 (1968).

ORDER - 7

R. Evid. 801(d)(2)(E); *United States v. McCown*, 711 F.3d 1441, 1448-1449 (9th Cir. 1983). Defendant's motion is denied.

**G.  Defendant Caesare Baez's Motion for Order Allowing an Interview of the Confidential Informant**

Defendant Caesare Baez seeks leave to interview the CI because she believes the CI possesses exculpatory information and will state that she was not a drug dealer, did not know where the drugs were kept or came from, and did not participate in any drug deals. *See Brady v. Maryland*, 474 U.S. 83 (1963). The USAO opposes the motion, advising that the CI has told the case agent that he/she does not want to be interviewed by defense counsel.

A defendant is entitled to have access to any prospective witness. *United States v. Black*, 767 F.2d 1334, 1337 (9th Cir. 1985). This right, however, does not require a witness to sit for an interview. *Id.* at 1337-38; *United States v. Scott*, 518 F.2d 261, 268 (6th Cir. 1975); *but see Black*, 767 F.2d at 1338 (recognizing that the prosecution may not interfere with the witness's free choice to speak with the defense).

Defendant Caesare Baez may again request that the CI sit for an interview. However, the CI has the ability to either refuse the interview, *United States v. Brown*, 555 F.2d 407, 425 (5th Cir. 1977), or request certain conditions, such as the presence of government counsel, *United States v. Figurski*, 545 F.2d 389 (4th Cir. 1976). Because the CI has thus far chosen not to be interviewed by defense counsel, the Court declines to order the CI to be so interviewed.

///

**H.   Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED:**

1. The USAO's Motion in Limine, **ECF No. 202,** is **GRANTED IN PART AND DENIED IN PART**.

2. Defendant Dwayne Baez's Motion in Limine, **ECF No. 290**, is **GRANTED IN PART AND DENIED WITH LEAVE TO RENEW IN PART**.

3. Defendant Dwayne Baez's Second Motion in Limine, **ECF No. 293**, is **GRANTED IN PART AND DENIED IN PART**.

4. Defendant Dwayne Baez's Third Motion in Limine, **ECF No. 307**, is **GRANTED IN PART AND DENIED IN PART**.

5. Defendant Blanca Baez's Motion to Sever Defendant, **ECF No. 308,** is **DENIED**.

6. Defendant Caesare Baez's Motion for Order Allowing an Interview of the Confidential Informant, **ECF No. 383,** is **DENIED**.

**IT IS SO ORDERED.**   The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this  2nd  day of December 2015.


　　　　　　　　　　　　s/Edward F. Shea
　　　　　　　　　　　　EDWARD F. SHEA
　　　　　　　Senior United States District Judge

Q:\EFS\Criminal\2012\6025.dec.2015.motion.rulings.lc1.docx

ORDER - 9